In the United States District Court
For the Southern District of Ohio
Western Division at Dayton

| | |
|---|---|
| India Brown,<br><br>   Plaintiff,<br><br>v.<br><br>Haya, LLC, Ismail Abuhanieh, and Mahmoud Rifai,<br><br>   Defendants. | Case No. 3:16-cv-00507<br><br>Judge<br><br>Jury demand endorsed hereon. |

COMPLAINT

Plaintiff India Brown ("Plaintiff") hereby alleges as follows:

PRELIMINARY STATEMENT

1. This action seeks to recover unpaid overtime wages, in an amount to be determined at trial, on behalf of Plaintiff for all hours worked in excess of 40 per workweek for Defendants Haya, LLC, Ismail Abuhanieh, and Mahmoud Rifai (collectively, "Defendants").

2. Defendants Ismail Abuhanieh and Mahmoud Rifai have jointly owned and operated retail pharmacies in Ohio, Michigan, and Arizona throughout the time period relevant to this action.

3. Plaintiff worked for Defendants as a pharmacy technician at Dayton Pharmacy, located at 301 W. First Street, Dayton, Ohio 45402.

4. Defendants maintain a policy and practice of underpaying their hourly employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "OMFWSA"), O.R.C. § 4111.01, *et seq*.

5. Throughout the time period relevant to this action, Plaintiff was paid her regular hourly rate for all hours worked in excess of 40 hours per workweek.

6. Plaintiff brings this action pursuant to FLSA 29 U.S.C. § 216(b) to remedy Defendants' willful violations of the FLSA wage and hour provisions.

7. Plaintiff also brings this action to remedy violations of OMFWSA, O.R.C. § 4111.01, *et seq.*, Ohio Constitution, Art. II, Section 34a ("Section 34a"), and O.R.C. § 4113.15.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, the OMFWSA, O.R.C. § 4111, *et seq.*, Section 34a, O.R.C. § 4113.15, and 28 U.S.C. §1331 and §1343(a)(4).

9. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

10. This Court's jurisdiction is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

11. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed her job duties there. Furthermore, Defendants are doing and have done substantial business in the Southern District of Ohio.

PARTIES

**India Brown**

12. Plaintiff Brown is a citizen of the United States and resides in the Southern District of Ohio. Further, at all times material herein Plaintiff worked within the boundaries of Southern District of Ohio.

13. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA and the OMFWSA.

14. Plaintiff has given written consent to join this action, a copy of which is attached to this Complaint.

**Haya, LLC**

15. Defendant Haya, LLC ("Haya") is a domestic limited liability company organized under the laws of the state of Ohio, and doing business in the Southern District of Ohio as Dayton Pharmacy.

16. Haya is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

17. Upon information and belief, Haya is the entity that operates Dayton Pharmacy, located at 301 West First Street, #100, Dayton, OH 45402.

18. Haya is owned and operated by Defendants Rifai and Abuhanieh.

19. According to the Ohio Department of State, Abuhanieh was the incorporator and statutory agent of Haya.

20. Haya, LLC is the corporate entity that appears on Plaintiff's paystubs for work she completed for Defendants.

21. Upon information and belief, Haya is operated as a single integrated enterprise with

Defendants' other pharmacies, including Adam LLC, Sav-Max Pharmacy-Mazen, LLC, Sav-Max RX Pharmacy, LLC, Bahaa, LLC, and Quick Pharmacy 002, LLC.

22. Through these entities, Defendants operate or operated:

   a. Dayton Pharmacy, 301 West First Street, #100, Dayton, OH 45402

   b. Pharmacy One, 201 N. Yellow Springs Street, Springfield, OH 45504

   c. Quick Pharmacy, 7725 North 43rd Ave., Phoenix, AZ 85051

   d. Quick Pharmacy, 549 West Thomas Rd., Phoenix, AZ 85013 (now closed)

   e. Sav Max Pharmacy, 9731 Harper Ave., Detroit, MI 48213

   f. Sav Max Pharmacy, 12740 Gratiot Ave., Detroit, MI 48205 (inside Mazen Foods).

23. Upon information and belief, Haya applies the same employment policies, practices, and procedures to all hourly employees at all of its locations, including policies, practices, and procedures relating to payment of overtime wages and maintenance of wage and hour records.

24. At all relevant times, Haya has maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

25. At all relevant times, Haya has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used by the FLSA.

26. Haya's gross revenue exceeds $500,000 per year.

27. Haya's gross revenue exceeds $150,000 per year.

**Ismail Abuhanieh**

28. Defendant Ismail Abuhanieh is the president and CEO of Haya, LLC.

29. Upon information and belief, Mr. Abuhanieh is a resident of Arizona.

4

30. At all relevant times, Mr. Abuhanieh has been an "employer" of Plaintiff as that term is defined by the FLSA and the OMFWSA.

31. At all relevant times, Mr. Abuhanieh has been actively involved in managing the operations of Haya.

32. At all relevant times, Mr. Abuhanieh has had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

33. At all relevant times, Mr. Abuhanieh has had power over personnel and payroll decisions at Haya. Mr. Abuhanieh terminated Plaintiff.

34. At all relevant times, Mr. Abuhanieh has had the power to stop any illegal pay practices that harmed Plaintiff.

35. At all times relevant, Mr. Abuhanieh has had the power to transfer the assets and liabilities of Haya.

36. At all relevant times, Mr. Abuhanieh has had the power to declare bankruptcy on behalf of Haya.

37. At all relevant times, Mr. Abuhanieh has had the power to enter into contracts on behalf of Haya.

38. At all relevant times, Mr. Abuhanieh has had the power to close, shut down, and/or sell Haya.

**Mahmoud Rifai**

39. Defendant Mahmoud Rifai is an executive officer of Haya, LLC.

40. Upon information and belief, Mr. Rifai is a resident of Arizona.

41. At all relevant times, Mr. Rifai has been an "employer" of Plaintiff as that term is defined by the FLSA and the OMFWSA.

5

42. Upon information and belief, Haya relies on Mr. Rifai's pharmaceutical license to maintain its operations.

43. At all relevant times, Mr. Rifai has been actively involved in managing the operations of Haya.

44. At all relevant times, Mr. Rifai has had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

45. At all relevant times, Mr. Rifai has had power over personnel and payroll decisions at Haya.

46. At all relevant times, Mr. Rifai has had the power to stop any illegal pay practices that harmed Plaintiff.

47. At all times relevant, Mr. Rifai has had the power to transfer the assets and liabilities of Haya.

48. At all relevant times, Mr. Rifai has had the power to declare bankruptcy on behalf of Haya.

49. At all relevant times, Mr. Rifai has had the power to enter into contracts on behalf of Haya.

50. At all relevant times, Mr. Rifai has had the power to close, shut down, and/or sell Haya.

## FACTS

51. Plaintiff worked for Defendants as a pharmacy technician at Dayton Pharmacy from March 2014 until August 2016.

52. Plaintiff's job duties included serving customers, filling customer prescriptions, selling other products, and keeping the pharmacy clean, organized, and well-presented.

53. From March 2014 until July 2015, Plaintiff earned $13.00 per hour for all hours worked.

54. From July 2015 to December 2015, Plaintiff earned $14.00 per hour for all hours worked.

55. From January 2016 until the end of her employment, Plaintiff earned $15.00 per hour for all hours worked.

56. Despite regularly working six days per week, and between 50 and 65 hours per week, Plaintiff was never paid time and one half overtime wages by Defendants.

57. Plaintiff earned her "straight-time" hourly rate for all hours she worked for Defendants, including all hours worked in excess of 40 hours per workweek.

58. Plaintiff asked her manager, Mike, why she did not receive overtime pay, and was told that the company does not pay overtime.

59. On October 13, 2016, Plaintiff requested her employment records pursuant to Section 34a, but Defendants have not maintained Plaintiff's clock in, clock out records.

## CAUSES OF ACTION

### COUNT I
### Failure to Pay Overtime Wages – Fair Labor Standards Act

60. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

61. Plaintiff worked more than forty hours in one or more workweeks during her employment with Defendants.

62. Defendants did not pay Plaintiff one and a half times her normal hourly rate for time worked in excess of forty hours per workweek, but instead paid her regular hourly rate for all hours worked.

7

63. By not paying Plaintiff proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

64. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT II
### Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act

65. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

66. Plaintiff worked more than forty hours in one or more workweeks.

67. Plaintiff worked more than forty hours in one or more workweeks during her employment with Defendants.

68. Defendants did not pay Plaintiff one and a half times her normal hourly rate for time worked in excess of forty hours per workweek, but instead paid her regular hourly rate for all hours worked.

69. By not paying Plaintiff proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the OMFWSA.

70. As a result of Defendants' violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT III
### Failure to Maintain Wage and Hour Records – Ohio Constitution, Art. II, Section 34a

71. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

72. Defendants failed and continue to fail to create, maintain, or provide upon Plaintiff's request records of Plaintiff's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to Plaintiff, as required by Section 34a.

73. By failing to create, keep, and preserve proper wage and hour records, Defendants have violated Section 34a.

COUNT IV
Untimely Payment of Wages – O.R.C. § 4113.15

74. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

75. During all relevant times, Defendants were entities covered by O.R.C. § 4113.15, and Plaintiff was an employee within the meaning of O.R.C. § 4113.15 and was not exempt from its protections.

76. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

77. Plaintiff's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

78. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

79. As a result of Defendants' willful violation, Plaintiff is entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff India Brown prays for all of the following relief:

  A. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

  B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Section 34a.

  C. An award of unpaid overtime wages due under the OMFWSA.

  D. Liquidated damages under O.R.C. § 4113.15 and the OMFWSA.

  E. An award of prejudgment and post-judgment interest.

  F. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

  G. Such other legal and equitable relief as the Court deems appropriate.

          Respectfully submitted,

          */s/ Andrew P. Kimble*
          Andrew Kimble, Esq. (0093172)
          **Kimble Law, LLC**
          1675 Old Henderson Road
          Columbus, Ohio 43220
          Andrew@kimblelawoffice.com
          614-983-0361 Phone
          614-448-9408 Facsimile

          *Counsel for the Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

          */s/ Andrew Kimble*
          A<small>NDREW</small> K<small>IMBLE</small>