UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**India Brown,**

    *Plaintiff,*

 v.                                                   Case No. 3:16-cv-00507
                                                       Judge Thomas M. Rose

**Haya, LLC, et al.**

    *Defendants.*

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, DOC. 7.**

---

Plaintiff has moved for judgment on the pleadings, asserting that Defendant's answer contains admissions that entitle her to judgment.

Pursuant to Rule 12(c), a party may move for judgment on the pleadings. Courts apply the same analysis in this context as they do to 12(b)(6) motions to dismiss. The moving party must establish that no material issue of fact remains to be resolved, and that the moving party is entitled to judgment as a matter of law. For purposes of a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citations and quotation marks omitted). While the complaint is the main focus in assessing motions for judgments on the pleadings, exhibits attached to the complaint may also be considered. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

After reading the complaint and Defendant's answer, and after considering both the motion for judgment on the pleadings and the motion in opposition, the Court finds that there are genuine issues of material fact that need to be resolved. Accordingly, Plaintiff's motion is **DENIED**.[1]

/s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution of judicial extern John M. Lintz in drafting this opinion.